```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

FREMONT INVESTMENT & LOAN COMPANY,

      Plaintiff,

v.                                  Case No: 2:17-cv-129-FtM-99MRM

SANDIE BEDASEE, OWEN BADESEE, MORTGAGE ELECTRIC REGISTRATION SYSTEMS, INC., as nominee for Fremont Investment & Loan, whether dissolved or presently existing, together with any grantees, assignees, creditors, lienors, or trustees of said defendant(s) and all other persons claiming by, through, under, or against defendant(s), UNKNOWN TENANT #1, and UNKNOWN TENANT #2,

      Defendants.

_____

## **OPINION AND ORDER**

This matter comes before the Court on review of Defendant <u>pro se</u> Sandie Bedasee's Notice of Removal (Doc. #1) and Fremont Investment and Loan Company's Complaint for Foreclosure (Doc. #2) filed on March 2, 2017. For the reasons set forth below, this cause is remanded for lack of subject-matter jurisdiction.

**I.**

This is defendants' fourth attempt to remove the same underlying foreclosure complaint to this Court. <u>See</u> <u>Fremont</u>

Investment & Loan Co. v. Bedasee et al., 2:15-cv-268-38MRM; 2:15-cv-501-29MRM; 2:16-cv-470-38MRM. In each instance, the cause was remanded to state court for lack of subject-matter jurisdiction due in part to the Rooker-Feldman doctrine.[1] Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Owen and Sandie Bedasee are also plaintiffs in two cases against Fremont Investment & Loan Co. See Bedasee v. Fremont Investment & Loan et al., 2:09-cv-111-29SPC; 2:16-cv-145-29MRM.

Briefly[2], the underlying foreclosure complaint was originally filed in Collier County Circuit Court on February 22, 2008, seeking to foreclose on a $444,000 purchase money mortgage on real property located in Naples, Florida. (Doc. #2.) Defendants defaulted on or about September 1, 2007, with a remaining balance of $433,462.15, plus interest, late charges, and expenses. (Doc. #2.) On April 16, 2008, summary judgment was granted in the amount of $461,863.99, plus attorney's fees. On June 13, 2008, a Final Judgment of Foreclosure was entered on the docket, and the

---

[1] Owen and Sandie Bedasee have also attempted to remove another foreclosure complaint filed by National City Bank to this Court on two occasions. See National City Bank v. Bedasee et al., 2:16-cv-555-29MRM; 2:17-cv-31-99CM. Both cases were remanded to state court for lack of subject-matter jurisdiction based on the Rooker-Feldman doctrine.

[2] The procedural history is otherwise set forth in Fremont Investment & Loan Co. v. Bedasee et al., 2:15-cv-501-29MRM.

foreclosure was scheduled.  The sale was cancelled and rescheduled numerous times upon motion by plaintiff, and on November 17, 2008, defendant Sandie Bedasee filed a Suggestion of Bankruptcy prompting a further cancellation.  The Bankruptcy Court lifted the automatic stay for purposes of proceeding against the property, and the foreclosure sale was once again rescheduled, and reset several times.  The foreclosure sale finally took place on June 10, 2009, and plaintiff filed a Certificate of Sale on the same day.  Defendants state in the Notice of Removal that they seek to test the constitutionality of the current Florida statutory scheme governing foreclosures.  (Doc. #1 at 2.)

**II.**

Federal courts are courts of limited jurisdiction and "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 409, 410 (11th Cir. 1999) (citations omitted).  "A removing defendant bears the burden of proving proper federal jurisdiction. . . . Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294 (11th Cir. 2008).

Removal jurisdiction exists only where the district court would have had original jurisdiction over the action, unless Congress expressly provides otherwise.  28 U.S.C. § 1441(a); Darden v. Ford Consumer Fin. Co., Inc., 200 F.3d 753, 755 (11th Cir. 2000).  As the party seeking federal jurisdiction, the burden is upon defendant to establish jurisdiction as of the date of removal.  Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

### III.

As the Court set forth in its prior Orders in the previous removal cases based upon the same underlying complaint for foreclosure, the sole relief sought in the underlying complaint has been granted, rejected, or otherwise concluded in the state court, and cannot now be re-litigated or revisited in federal court.  See Fremont Investment, 2:15-cv-268-38MRM (Doc. #13); 2:15-cv-501-29MRM (Doc. #14); 2:16-cv-470-38MRM (Doc. #8).  A federal district court does not sit as an appellate court of state cases.  See Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).  The Court finds that it continues to lack subject-matter jurisdiction over this case.  No new basis for federal jurisdiction has been presented in the Notice of Removal.

Defendants have been on notice that the Court lacks subject-matter jurisdiction over these cases for years but continue to remove them, requiring both the Court, and in some instances other parties, to incur attorney's fees and costs as a result. Defendants are forewarned that in the future, any order remanding the case based upon the same underlying foreclosure complaints may impose payment of costs and expenses incurred as a result of the wrongful removal, including attorney's fees.  See 28 U.S.C. § 1447(c).

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Court **REMANDS** this case to the Circuit Court of the Twentieth Judicial Circuit, in and for Collier County, Florida. The Clerk is directed to transmit a certified copy of this Opinion and Order to the Clerk of that court.

2. The Clerk is further directed to terminate all pending motions and deadline and close the case.

**DONE and ORDERED** at Fort Myers, Florida, this ___7th___ day of March, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendants
Counsel of Record